STREET V. RIDER.

1. INJUNCTION: ALLEGATION OF FRAUD. Where a petition for an injunction to restrain a sale under a deed of trust, alleged that it was executed to secure the payment of a part of the purchase money of certain personal property, which the complainant purchased under a false impression and belief as to its character, without alleging either a warranty or false and fraudulent representations, it was held insufficient and the injunction dissolved.

*Appeal from Pottowattamie District Court.*

MONDAY, APRIL 8.

INJUNCTION. The petition shows that on the 27th day of September, 1857, the complainant owned certain books containing abstracts of title to lands in Pottowattamie county, one undivided half of which he sold to respondent, the said respondent agreeing to take charge of said books and such new ones as they should purchase, and to keep said abstracts correctly posted; that the complainant, " under the impression and belief" that said books had been correctly kept and were reliable, purchased of the respondent his interest therein, on the 7th day of January, 1860; executing the deed of trust in controversy to secure the payment of a portion of the purchase money; that since the execution of the same he has discovered certain facts which are set out in the opinion of the court. The injunction granted was dissolved and the complainant appeals:

Street v. Rider.

*Frank Street, pro se.*

*C. C. Cole* for the appellee, cited, 2 Kent, 485; 1 Story Eq. Jur., § 212; Story Cont., § 512; Pars. Cont., 270, note *y;* *Moore* v. *Trubeville*, 2 Bibb, 602; *Chandler* v. *Lopus*, 1 Smith's L. C. (5th Am. ed.), notes, 247; *Mansfield* v. *Watson*, 2 Iowa, 114.

WRIGHT, J.— Bill in equity asking an injunction to restrain a sale under a certain deed of trust. The gravamen of the petition is, that the consideration of the note secured by the trust deed was the interest of respondent in certain books containing abstracts of titles in Pottowattamie county; that said abstracts were defectively kept; that there were many mistakes and omissions; that petitioner was under the impression that the books were kept correctly, and hence purchased them; that he believes that respondent knew at the time of the sale that he was practising a deception and fraud upon petitioner, and that the books were improperly kept, and therefore petitioner charges that the note' and deed of trust was obtained through fraud and deception, &c.

The preliminary injunction was dissolved, and from this order complainant appeals. The decree must be affirmed. All that is said in the bill about the agreement of these parties at the time they entered into their partnership to keep up the "Abstract Books," can weigh nothing, for the alleged fraud refers, and properly so, to the consummation of the contract of sale, and what there took place. But, giving to complainant the benefit of all such allegations, his bill is defective in that it shows no warranty, contains no averment of false representations by respondent; and assuming that it shows a knowledge of the defects complained of on the part of respondent, it also appears that complainant had equal opportunities of learning and ascertaining these

defects, and the maxim, "let the purchaser beware," applies to him, with all its force. The bill is too barren of any element of equity to justify the relief asked.

Affirmed.